### City of Chicago, Defendant in Error, v. John Montgomery, Plaintiff in Error.

### Gen. No. 20,758.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. E. K. JARECKI, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

### Statement of the Case.

Action by the City of Chicago, plaintiff, against John Montgomery, defendant, in the Municipal Court of Chicago, to recover a penalty for the sale of morphine without the prescription of a duly registered physician, in violation of the Municipal Code of Chicago. The same questions were raised in this case as in *City of Chicago v. Montgomery*, 191 Ill. App. 558, and as to such questions, the same contentions were made by counsel in the Appellate Court, and the same decision made by that court.

In this case, one Tucker, a police officer, was permitted to testify to a conversation in which one Isadore Rubinsky stated in defendant's presence that defendant sold him the morphine as charged, together with a needle and cathartic pills. Defendant replied, "He did not get the morphine from me. I only sold him the needles."

One Benjamin Rubinsky, brother of Isadore, testified that he went to defendant's drug store with Tucker, and found a package in Isadore's pocket, which Isadore stated he bought of defendant. Kate Rubinsky, wife of Isadore, testified that she saw defendant give Isadore a bottle, which he put in his pocket, and also Isadore give defendant money. She also testified that she got the pills and needles from her husband's pocket after they got home.

To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

EDWARD H. MORRIS, for plaintiff in error.

JOHN W. BECKWITH, for defendant in error; MAX M. KORSHAK and VERNON L. BEAN, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. CRIMINAL LAW, § 136*—*when evidence of conversation competent to show admission.* The rule that evidence of a conversation, where a defendant charged with an offense, unequivocally denies it, is incompetent in a criminal case to prove an admission, has no application to a case where defendant, being charged with an offense, in part denies and in part admits it, and evidence of such a conversation is competent to prove an admission.

2. DRUGGISTS, § 9*—*when evidence sufficient to show sale of morphine without prescription.* On an information charging defendant with the sale of morphine without the prescription of a duly registered physician, in violation of the Municipal Code of Chicago, evidence *held* to show clearly that defendant sold the morphine as charged.